IN THE CHANCERY COURT FOR KNOX COUNTY, TENNESSEE

| | |
|---|---|
| THE MARINAS, INC.; VOLUNTEER LANDING YACHT CLUB, INC. d/b/a VOLUNTEER YACHT CLUB; MARINA MANAGEMENT, LLC d/b/a FOX ROAD MARINA; KIGER MANAGEMENT, LLC d/b/a VOLUNTEER MARINA, KIGER, INC. d/b/a WILLOW POINT MARINA, and DOWNTOWN PROPERTIES, LLC<br><br>Plaintiffs,<br><br>v.<br><br>GREAT MIDWEST INSURANCE COMPANY,<br><br>Defendant. | 2013 APR 22 AM 10: 27<br><br>HOWARD G. HOGAN<br><br>No. 185119-3 |

## COMPLAINT FOR DECLARATORY JUDGMENT, BREACH OF CONTRACT, AND BAD FAITH DENIAL OF AN INSURANCE CLAIM PURSUANT TO TENN. CODE ANN. §56-7-105

Come The Marinas, Inc.; Volunteer Landing Yacht Club, Inc. d/b/a Volunteer Yacht Club; Marina Management, LLC d/b/a Fox Road Marina; Kiger Management, LLC d/b/a Volunteer Marina; Kiger, Inc. d/b/a Willow Point Marina; and Downtown Properties, LLC (collectively Plaintiffs shall hereinafter be referred to as "Plaintiff" or "Insured"), by and through its undersigned counsel, and for its Complaint against Great Midwest Insurance Company, would show unto this Honorable Court as follows:

### PARTIES, JURISDICTION, AND VENUE

1. The Marinas, Inc. is a for-profit Tennessee corporation with its principal place of business located in Knox County, Tennessee.

2. Volunteer Landing Yacht Club, Inc. d/b/a Volunteer Yacht Club is a mutual benefit Tennessee corporation with its principal place of business located in Knox County, Tennessee.

3. Marina Management, LLC d/b/a Fox Road Marina is a Tennessee limited liability company with its principal place of business located in Knox County, Tennessee.

4. Kiger Management, LLC d/b/a Volunteer Marina is a Tennessee limited liability company with its principal place of business located in Knox County, Tennessee.

5. Kiger, Inc. d/b/a Willow Point Marina is a for-profit Tennessee corporation with its principal place of business located in Knox County, Tennessee.

6. Downtown Properties, LLC is a Tennessee limited liability company with its principal place of business located in Knox County, Tennessee.

7. Great Midwest Insurance Company ("Defendant" or "Great Midwest") is a corporation domiciled in Texas that is authorized and licensed to do business in the State of Tennessee. Pursuant to Tenn. Code Ann. §56-2-103, the Defendant may be served with process through the Commissioner of the Tennessee Department of Commerce and Insurance at Attn: Service of Process, 500 James Robertson Parkway, Davy Crockett Tower, Nashville, Tennessee 37243-1131.

8. This Court has subject matter jurisdiction and personal jurisdiction over the Defendant.

9. Venue is proper in this Court and County.

## FACTUAL ALLEGATIONS

10. Plaintiff re-incorporates Paragraphs 1 through 9 above as if set forth verbatim herein.

11. On or about September 27, 2010, Defendant issued a Commercial Lines Policy, commonly identified as Policy No. CPP351254 ("Policy"), to Insured insuring against losses to certain property owned by Insured. A true, exact, and certified copy of the policy of insurance is attached hereto as **Exhibit A**.

12. Subsequent to the issuance of the Policy but prior to its expiration on September 27, 2011, Insured suffered a loss or damage to property covered under the Policy as a result of hail.

13. As a result of the hail damage to the properties commonly known as Willow Point Marina, Fox Road Marina, and Volunteer Landing Marina, Insured had a contractor inspect the damage and prepare an estimate of the replacement costs of the damage sustained by the various properties. Upon receipt of the estimates by the contractor, Insured made demand on the insurance company in the amount of $2,438,656.46 which represented the replacement costs of the roofs of the covered properties if only the roof was replaced. Plaintiff has since been made aware through the claims process that the cost of replacing only the roof to a floating dock can be disproportionately expensive to the overall value of the dock itself based upon increased construction costs requiring floating barges, etc. to haul away the old roofs and install new ones. As evidenced in more detail below, Plaintiff raises no issue with the method in which GMIC has calculated the actual losses suffered on the property; rather, Plaintiff merely challenges the application of the co-insurance penalty to the actual cash value losses found to have been suffered on the properties.

14. Upon being notified of the damage/loss, Plaintiff avers that Defendant had estimates prepared by its agent Rimkus Consulting Group, Inc. for Willow Point and Volunteer Landing and had Halliwell Engineering Associates prepare two estimates for Fox Road Marina.

15. Plaintiff avers that the Report of Findings for Willow Point Marina prepared by Defendant's agent found as follows: "Based on our observations and analysis, we conclude that the galvanized roof of the boat dock was damaged by hail impact. Given the relative shallowness of the indentations and the absence of cracks in the finish from the impact, we concluded that the damage was cosmetic." (emphasis added)

16. Insured avers that as a result of Defendant's Reports, Defendant did initially offer to resolve the claim in full for the payment of approximately $6,887.25 which reflects the amount of damage sustained to the Marina Supply Store located at Fox Road Marina.

17. Insured maintains that as a result of this low initial offer from Defendant, Insured was forced to retain counsel who sent a letter to Defendant on December 29, 2011 advising of the dispute regarding coverage and demanding that all sums owing be paid within sixty (60) days thereof.

18. Subsequent to sending its letter to Defendant but admittedly before the same was likely received by Defendant, Insured received a letter from Defendant dated December 30, 2011 which denied all but $65,810.23 of Insured's claim in reliance upon the engineering reports conclusions set forth above.

19. By letter dated January 26, 2012, Insured communicated its continuing disputes to Defendant and did return the checks in the amount of $65,810.23.

20. On February 14, 2012, Defendant sent correspondence to Insured in which it re-issued the $65,810.23 checks to Insured.

21. On February 17, 2012, Insured communicated with Defendant regarding its position related to the remaining issues of its claims by detailing its calculations in support of its

remaining claim of $1,822,604.72. A true and accurate copy of the February 17, 2012 letter is attached hereto as **Exhibit B**.

22. Ultimately, Insured avers that at the request of the Defendant and based upon its understanding that GMIC had re-evaluated its position as to Insured's claims, Insured submitted Sworn Statements in Proof of Loss for each location covered under the Policy on or about May 21, 2012. True and accurate copies of the Sworn Statements are attached hereto as **Exhibit C**.

23. In reliance on these Sworn Statements, Defendant sent correspondence to Insured on May 21, 2012 in which it acknowledged that "GMIC has reviewed these claims further and determined your client is due additional amounts under the policy for these losses." A true and exact copy of the May 21, 2012 letter is attached hereto as **Exhibit D**.

24. In fact, based upon the claims, GMIC determined that Insured had suffered actual cash value losses in the following amounts: (1) $431,885.45 for Fox Road Marina, (2) $580,265.41 for Volunteer Landing Marina, and (3) $100,875.94 for Willow Point Marina. True and accurate copies of the adjustment worksheets created and provided by GMIC are attached hereto as **Exhibit E (Fox Road Marina), Exhibit F (Volunteer Landing Marina) Exhibit G (Willow Point Marina).**

25. Despite finding that Insured had suffered actual cash value losses in the amount of $1,113,026.80 to the covered property, as evidenced on Exhibits E, F, and G, Defendant did, for the first time, assert that a "co-insurance penalty," as provided under the Policy, was to be applied and therefore paid only $676,372.86.

26. **Based upon GMIC's findings contained in Exhibit E, Exhibit F, and Exhibit G, Plaintiff agrees with GMIC in the method of calculating the actual cash value assigned**

to the losses to the roofs including the rate of depreciation applied to each property and the method of calculating the replacement costs of the various roofs.

27. Plaintiff merely disputes the application of the "co-insurance penalty" as found by GMIC.

28. In determining the applicability of any "co-insurance penalty," Insured avers that the estimates generated by GMIC's adjuster in reliance on Atlantic Meeco pricing guidelines were grossly inflated and inaccurate estimates designed to increase the penalty applied to Insured, thereby reducing the amount that GMIC was required to pay under the Policy.

29. Specifically, Insured avers that while GMIC maintains that the replacement cost for the docks of Fox Road Marina is $1,905,828.90, a quote from Knoxville company Advantage Docks establishes that the replacement costs for the docks at Fox Road Marina is $841,494.00. While this number is actually lower than the replacement costs for the roofs at Fox Road Marina, upon information and belief, Insured maintains that subsequent to receiving the estimate for the replacement of the roofs, it has been explained to him that it is actually cheaper to replace the entire floating dock unit (pier and roof) than to merely replace the roof due to the increased costs associated with reliance on floating barges necessary in the roof replacement process. A true and exact copy of the January 15, 2013 quote from Advantage Docks is attached hereto as **Exhibit H**.

30. Accordingly, despite having found that Insured had suffered a loss of $431,885.45 for Fox Road Marina, GMIC has paid only $331,449.04 for the same.

31. Insured maintains that as the co-insurance penalty has been miscalculated as to Fox Road Marina, GMIC is responsible under the Policy for payment of the full sum of the actual cash value loss as found by GMIC.

32. Similarly to Fox Road Marina, Insured avers that GMIC has miscalculated the replacement costs at each of the other two marinas and that as a result of this mis-calculation it has applied an erroneous co-insurance penalty.

33. Despite having found that Insured has suffered a loss of $580,265.41 for Volunteer Landing Marina, GMIC has paid only $315,921.70 for the same.

34. Insured maintains that as the co-insurance penalty was miscalculated as to Volunteer Landing Marina, GMIC is responsible under the Policy for payment of the full sum of the actual cash value loss to the covered property as found by GMIC.

35. Having found that Insured suffered a loss of $100,875.94 for Willow Point Marina, GMIC has paid only $29,002.12 for the same.

36. Insured maintains that as the co-insurance penalty was miscalculated as to Willow Point Marina, GMIC is responsible under the Policy for payment of the full sum of the actual cash value loss to the covered property as found by GMIC.

37. In addition to the co-insurance issues above stated, Insured avers that despite having made demand for the same in the actual cash value amount of $57,228.44 in its Sworn Loss and its February 17, 2012 letter that GMIC has paid no money for any loss suffered to the Dry Dock located at Fox Road Marina.

38. Moreover, Insured avers that all damage suffered by any of the covered properties represents one "loss," as defined by the Policy, and that only one $50,000.00 deductible is applicable to the same. Accordingly, Insured maintains that GMIC is responsible to it under the Policy for the payment of an additional $100,000.00 that represents two (2) additional deductibles that GMIC has retained.

## DECLARATORY JUDGMENT AS TO CO-INSURANCE CALCULATION

39. Plaintiff incorporates Paragraph 1 through 38 above as if set forth verbatim herein.

40. Pursuant to Tenn. Code Ann. §29-14-101 *et. seq.*, Plaintiff respectfully requests that this Honorable Court determine the rights, status, and other legal relations of the parties in relation to the Policy.

41. Specifically, Insured respectfully requests that this Court determine that the full amount of the loss suffered by it, as found by GMIC, be declared covered by the express terms of the Policy.

42. Insured further requests that this Court declare the methodology, measurements of the marinas, and the replacement costs to be utilized in making a determination as to the damages suffered by Insured and as to whether any co-insurance penalty exists under the Policy.

## DECLARATORY JUDGMENT AS TO APPLICATION OF THREE DEDUCTIBLES

43. Plaintiff incorporates Paragraphs 1 through 42 above as if set forth verbatim herein.

44. Insured maintains that the loss suffered to its property was suffered as a result of the same hail storm which occurred on April 27, 2011.

45. Accordingly, Insured maintains that all loss suffered by it is the result of one occurrence and that only one Deductible is applicable under the terms of the Policy.

46. Insured avers that in determining the amounts owing under the Policy to Insured, GMIC has applied three (3) deductibles.

47. Insured requests that this Court interpret the Policy at issue to determine whether or not the loss suffered by Insured is subject to three (3) deductibles or simply one.

## DECLARATORY JUDGMENT THAT INSURANCE COVERAGE APPLIES TO LOSS TO DRY STORAGE AND OTHER ADMINISTRATIVE BUILDINGS LOCATED AT FOX ROAD MARINA

48. Plaintiff incorporates Paragraphs 1 through 47 above as if set forth verbatim herein.

49. The Policy provides that the Dry Storage & Rack, Boat Repair Building, and Office are covered under the Commercial Property Coverage Part.

50. The George Creek Construction estimate relied upon by Insured in its initial demand to the insurance company and in its subsequent Sworn Statements in Proof of Loss reflects a cost of replacement of the "Main Grounds," including the Dry Dock, the Service Garage, the Office, and the Shed, of $74,072.53.

51. Insured's February 17, 2012 letter also clearly makes reference to losses suffered at the "Office and other buildings located thereon" and demands the actual cash value of the loss in the amount of $57,228.44, calculated by applying GMIC's value of depreciation to the replacement cost determined by George Creek Constrction.

53. Despite this, GMIC's adjustment, as reflect on Exhibit P reflect that "No Damage Noted" as to both the Dry Storage and the Storage.

54. Insured avers that damage was both suffered and "noted" as to property covered under the Policy and that said loss should rightfully be paid by GMIC.

55. Insured requests that this Honorable Court interpret the Policy and determine that the property, specifically, the Dry Dock, the Service Garage, the Office, and the Shed, be declared covered property.

56. Insured further requests that this Honorable Court determine that the sums sought by Insured in the amount of $57,228.44 have been properly submitted to GMIC and that the same should be paid.

## BREACH OF CONTRACT

57. Plaintiff incorporates Paragraph 1 through 56 above as if set forth fully herein.

58. Plaintiff avers that the Policy is an enforceable contract between it and Defendant.

59. Plaintiff avers that Defendant breached the Policy by reason of denial of its claim based upon grounds or conditions that are not contained within the Policy.

60. Plaintiff avers that Defendant's miscalculation of the co-insurance penalty is a breach of the parties' contract.

61. Plaintiff avers that Defendant's application of multiple deductibles to one loss is a breach of the parties' contract.

62. Plaintiff avers that Defendant's failure or refusal to pay loss suffered to covered property, namely the Dry Storage Dock at Fox Road Marina, is a breach of the parties' contract.

63. Plaintiff avers that as a result of Defendant's breach it has suffered compensatory damages in an amount to be proven at trial but not to exceed Two Million Dollars ($2,000,000.00).

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff respectfully requests:

a. That process issue and be served upon Defendant and that they be required to appear and fully answer this Complaint.

b. That this Court declare the respective rights, duties, and obligations of the parties hereto and specifically declare that the full amount of the loss or damage suffered by Plaintiff is covered under the terms of the Policy.

c.  That judgment be entered in favor of Plaintiff against Defendant in the full amount of loss or damage suffered by it in an amount to be proven at trial but not to exceed Two Million Dollars ($2,000,000.00).

d.  That Plaintiff be awarded pre-judgment interest, post-judgment interest, and the costs of this cause.

f.  That Plaintiff be awarded such other general relief to which it may be entitled.

Respectfully submitted this 22 day of 4, 2013.

GARNER & CONNER, PLLC

*/s/ John M. Jackson III*
John M. Jackson III (TN BPR No. 025479)
P.O. Box 5059
Maryville, Tennessee 37802
Tel: (865) 984-1268
*Attorneys for Plaintiff*

## COST BOND

We acknowledge ourselves as surety for all costs, taxes and damages in this case in accordance with Tenn. Code Ann. § 20-12-120.

GARNER & CONNER, PLLC

By: */s/ John M. Jackson III*

Service of Process
Dept. of Commerce & Insurance
500 James Robertson Pkwy.-7th Floor
Nashville TN 37243



7012 1010 0002 9224 8768

7012 1010 0002 9224 8768    04/26/2013
GREAT MIDWEST INSURANCE COMPANY
800 S. GAY STREET, SUITE 2021, C/O C T CORP
KNOXVILLE, TN 37929

 **CT Corporation**

**Service of Process Transmittal**
05/03/2013
CT Log Number 522649371

**TO:** Tom Gannon, Vice President, Compliance
Houston International Insurance Group
800 Gessner Rd, Suite 600
Houston, TX 77024-4538

**RE:** **Process Served in Tennessee**

**FOR:** Great Midwest Insurance Company (Domestic State: TX)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | The Marinas, Inc., et al., Pltfs. vs. Great Midwest Insurance Company, Dft. |
| **DOCUMENT(S) SERVED:** | Letter, Summons, Notice, Complaint, Exhibit(s) |
| **COURT/AGENCY:** | Knox County Chancery Court, TN<br>Case # 1851193 |
| **NATURE OF ACTION:** | Insurance Litigation - Policy benefits claimed for loss or property damage |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Knoxville, TN |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 05/03/2013 postmarked on 05/01/2013 |
| **JURISDICTION SERVED:** | Tennessee |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service of the summons, exclusive of the day of service |
| **ATTORNEY(S) / SENDER(S):** | John M. Jackson III<br>Garner & Conner, PLLC<br>P.O. Box 5059<br>Maryville, TN 37802<br>865-984-1268 |
| **REMARKS:** | Please note that documents were served on Department of Commerce and Insurance, Tennessee on April 26, 2013 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 05/03/2013, Expected Purge Date: 05/08/2013<br>Image SOP<br>Email Notification, Tom Gannon tgannon@swipinc.com<br>Email Notification, Roger Sullivan rsullivan@gmicinc.com<br>Email Notification, Rhonda Kemp rkemp@hiig.com<br>Email Notification, Shelby Baetz sbaetz@hiig.com |
| **SIGNED:** | C T Corporation System |
| **PER:** | Amy McLaren |
| **ADDRESS:** | 800 S. Gay Street<br>Suite 2021<br>Knoxville, TN 37929-9710 |
| **TELEPHONE:** | 800-592-9023 |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

**STATE OF TENNESSEE**
**Department of Commerce and Insurance**
**500 James Robertson Parkway**
**Nashville, TN 37243-1131**
**PH - 615.532.5260, FX - 615.532.2788**
**Jerald.E.Gilbert@tn.gov**

April 26, 2013

Great Midwest Insurance Company  
800 S. Gay Street, Suite 2021, C/O C T Cor  
Knoxville, TN 37929  
NAIC # 18694

Certified Mail  
Return Receipt Requested  
7012 1010 0002 9224 8768  
Cashier # 8793

Re: The Marinas, Inc., Et Al V. Great Midwest Insurance Company

Docket # 185119-3

To Whom It May Concern:

Pursuant to Tennessee Code Annotated § 56-2-504 or § 56-2-506, the Department of Commerce and Insurance was served April 26, 2013, on your behalf in connection with the above-styled proceeding. Documentation relating to the subject is herein enclosed.

Jerald E. Gilbert  
Designated Agent  
Service of Process

Enclosures

cc: Chancery Court Clerk  
    Knox County  
    400 Main Avenue, Rm 123  
    Knoxville, Tn 37902

IN THE CHANCERY COURT FOR KNOX COUNTY, TENNESSEE

THE MARINAS, INC.; VOLUNTEER
LANDING YACHT CLUB, INC. d/b/a
VOLUNTEER YACHT CLUB; MARINA
MANAGEMENT, LLC d/b/a FOX ROAD
MARINA; KIGER MANAGEMENT, LLC
d/b/a VOLUNTEER MARINA, KIGER, INC.
d/b/a WILLOW POINT MARINA, and DOWNTOWN
PROPERTIES, LLC

No. 185119-3

    Plaintiffs,

v.

GREAT MIDWEST INSURANCE COMPANY,

    Defendant.

## SUMMONS

To the above-named Defendant:

    Great Midwest Insurance Company
    Serve: Commissioner of the Tennessee Department of Commerce and Insurance
    Attn: Service of Process
    500 James Robertson Parkway, Davy Crockett Tower
    Nashville, Tennessee 37243-1131

    You are hereby summoned and required to serve upon Plaintiff's attorney, Christopher W. Conner, whose address is Garner & Conner, PLLC, Post Office Box 5059, Maryville, Tennessee 37802-5059, an answer to the Complaint herewith served upon you within 30 days after service of this Summons and Complaint upon you, exclusive of the day of service. If you fail to do so, judgment by default can be taken against you for the relief demanded in the Complaint.

    ISSUED and tested this 22nd day of _____April_____, 20_13_.

                                                _Howard G. Hogan_
                                                CLERK

                                                _signature_
                                                DEPUTY CLERK

ADA
FOR ASSISTANCE CALL
865 / 215-2952
TTY: 865 / 215-2497

## NOTICE

TO THE DEFENDANT:

Tennessee law provides a four thousand dollar ($4,000.00) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

## SERVICE INFORMATION

**Defendant can be served as follows:**

    Great Midwest Insurance Company
    Serve: Commissioner of the Tennessee Department of Commerce and Insurance
    Attn: Service of Process
    500 James Robertson Parkway, Davy Crockett Tower
    Nashville, Tennessee 37243-1131

## RETURN

I received this summons on the _____ day of _____, 2013.

I hereby certify and return that on the _____ day of _____, 2013.

I: [ ] served this summons and a complaint on defendant in the following manner:

_____
_____

I: [ ] failed to serve this summons within 30 days after its issuance because:

_____
_____

                                                        _____
                                                        Process Server